IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RUTH ANN SHAW and SAMUEL SHAW, JR., ) | **Case No. 2:11-cv-02552** |
| ) | |
| ) | |
| ) | |
| PLAINTIFFS, ) | **COMPLAINT FOR VIOLATIONS OF** |
| ) | **THE TENNESSEE PRODUCTS** |
| v. ) | **LIABILITY ACT OF 1978, TENN. CODE** |
| ) | **ANN. § 29-28-101 *ET. SEQ.*, AND** |
| ) | **TENNESEE COMMON LAW** |
| ) | |
| ) | |
| ) | |
| KENNEDY INTERNATIONAL, INC., a ) | |
| New Jersey corporation; and ) | **JURY TRIAL DEMANDED PURSUANT** |
| THE TJX COMPANIES, INC. d/b/a TJ ) | **TO FED. R. CIV. PRO. 38(a) & (b)** |
| MAXX, a Massachusetts corporation, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiffs Ruth Ann Shaw and Samuel Shaw, Jr., by and through their counsel of record,

Watson Burns, PLLC, and hereby brings suit against Defendants Kennedy International, Inc. and

Defendant The TJX Companies, Inc. d/b/a TJ MAXX (collectively referred to herein as

"Defendants") and for cause of action would state as follows:

## I.

## NATURE OF THE ACTION

1.      This is a products liability action brought pursuant to the Tennessee Products Liability Act of 1978 codified at TENN. CODE ANN. §§ 29-28-101 *et seq*. and (ii) Tennessee warranty and common law to compensate Plaintiff Ruth Ann Shaw for the horrific personal injuries and damages she sustained as a direct result of the failure of an unreasonably dangerous and defective "13 inch Folding Step Stool- Federal Trade Commission's RN # 96306" (hereinafter referred to as the "stepping stool") manufactured and sold by Defendants.  As a result of the stepping stool cracking and generally failing, Plaintiff fell and broke her femur.  An almost identical stepping stool distributed by Kikkerland Design, Inc. was recalled by the U.S. Consumer Product Safety Commission in 2010 because of the stools propensity to "crack and break" and its resulting presentment of a fall hazard to consumers.  As a result of the significant injuries sustained by Mrs. Shaw, Plaintiff Sam Shaw has been forced suspend a substantial amount of his normal work duties to care for his injured wife.  The Plaintiffs are seeking both compensatory and punitive damages and damages for Plaintiff Samuel Shaw's loss of consortium.

## II.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).   Because Plaintiffs are all citizens of the State of Tennessee and Defendant Kennedy is a citizen of the State of New Jersey and Defendant TJ MAXX is a citizen of the State of Massachusetts, complete diversity exists between the Plaintiffs and Defendants.  Further, Plaintiffs allege that each of their claims exceed $75,000.00, exclusive of interests and costs.  As

a result, this Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), (b) and (c) on the grounds that all or a substantial portion of the acts giving rise to the violations alleged herein occurred in this judicial district.

### III.

### <u>THE PARTIES</u>

4.     Plaintiff Ruth Ann Shaw (hereinafter "Ruth Shaw" or "Plaintiff") is an adult resident citizen of Germantown, Shelby County, Tennessee.  She is married to and was married to Plaintiff Sam Shaw at the time of the incident complained of herein.  Plaintiff Ruth Shaw weighed approximately one hundred and ten pounds (110 lbs.) at the time of the incident complained of herein.   At times relevant to this cause of action, Plaintiff Ruth Shaw properly used the stepping stool at issue in an appropriate and normal manner.

5.     Plaintiff Samuel Shaw Jr. (hereinafter "Sam Shaw" or "Plaintiff") is an adult resident citizen of Germantown, Shelby County, Tennessee.  He is married to and was married to Plaintiff Ruth Ann Shaw at the time of the incident complained of herein.  Mr. Shaw is the pastor of the Orchard Fellowship Church in Germantown, Tennessee.

6.     Defendant Kennedy International, Inc. (hereinafter "Defendant Kennedy") is a foreign corporation with its principal place of business located at 25 Stutts Raod, Dayton, New Jersey 08810.  Upon information and belief, Defendant Kennedy is the manufacturer, wholesaler, distributor, designer, supplier, producer and/or seller of various home products, including but not limited to the stepping stool described above and referenced throughout this Complaint. Defendant Kennedy can be served with legal process through its registered agent for service of

process, to wit:  Solomon E. Antar, 101 Crosby Avenue, Deal, New Jersey 07723-0000.

  7. Defendant The TJX Companies, Inc. d/b/a TJ MAXX (hereinafter referred to as "Defendant TJ MAXX") is a foreign corporation with its principal place of business located on 770 Cochituate Road in Framingham, Massachusetts 01701.  Upon information and belief, Defendants TJ MAXX is the supplier, seller, distributor, designer, and/or producer of the stepping stool described above and referenced throughout this Complaint.  Defendant TJ MAXX can be served with legal process through its registered agent for service of process, to wit:  CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee.

**IV.**

**FACTUAL ALLEGATIONS**

  8. In or around December, 2011, Plaintiffs purchased the stepping stool at issue from Defendant TJ MAXX.  At the time of the purchase, the stepping stool was sold in a free standing condition and was not placed inside any type of box or other sealed packaging or container.

  9. At the time of purchase, the labeling on the stepping stool represented that the stool was a "13 Inch Folding Step Stool" from "Kennedy Home Collection." Another label on the stepping stool stated "Style # 3576-AQUA Made in China RN 96306 Kennedy International, Inc. Dayton, NJ 08810."   RN 96306 is a Federal Trade Registration Number which, in fact, is registered to Defendant Kennedy.   As a result, Plaintiffs allege that Defendant Kennedy is the manufacturer of the stepping stool.

  10. Furthermore, to the extent Defendant Kennedy may contend in this action that it was not the actual manufacturer of the stepping stool, Defendant Kennedy's labeling marketed the stepping stool as its own and, thus, Defendant Kennedy owed all of the requisite duties to Plaintiffs as that of a manufacturer pursuant to Tennessee law.

4

11.     Additionally, through the labeling contained on the stepping stool, both Defendant Kennedy and TJ MAXX made express and implied warranties and representations to Plaintiffs that the stepping stool was capable of supporting three hundred pounds (300 lbs.) and that this was an appropriate device to use as a stepping stool.  These representations and warranties were false and misleading.

12.     On or about February 6, 2011, Plaintiff Ruth Shaw attempted to utilize the stepping stool for its intended purpose.  Specifically, she moved the stepping stool in front of a bathroom mirror with the intention of using the stepping stool to allow her to obtain the height advantage necessary to get a full length view of her pants in the mirror.   In order to do so, she placed the stool levelly on a flat tiled surface in a fully extended or open position.  Immediately upon stepping on the stool and placing her weight on it, the stepping stool leg cracked and collapsed causing her to fall.  The fall resulted in the severe break of her right femur.  Plaintiff Ruth Shaw was alone at home at the time of the failure of the stepping stool.  After several terrifying minutes of crawling from the site of the fall, Plaintiff Ann Shaw was able to reach a phone and summons an ambulance which arrived and carried her to the emergency room.  As a direct and proximate result of failure of the stepping stool, Plaintiff Ruth Shaw has undergone painful and dangerous surgeries and months of rehabilitation.

13.     At the time of the failure of the stepping stool, Plaintiff Ann Shaw was utilizing the stepping stole correctly and in the manner it was designed to be used.  In addition, immediately prior to the failure of the stepping stool, it was in the exact same condition as when it was purchased from Defendant TJ MAXX.  No additions, alternations or changes had been made to the stepping stool from the time of its purchase until its failure.

14.     Upon information and belief, the stepping stool at issue was manufactured in

5

China.  To the extent the Defendants contend that some non-party Chinese company made or created some, all, or part of the stepping stool at issue, Plaintiffs allege that such Chinese company does no business in the State of Tennessee, does not advertise or solicit orders in this State, maintains no offices or employees within this State and has no physical contacts within this State.  Plaintiffs further allege that this Court lacks personal jurisdiction over any such company because its lack of "minimum contacts."  Thus, such company is not subject to service of process in the State of Tennessee nor can service be secured by the long arm statutes of Tennessee.  As a result, pursuant to TENN. CODE ANN. § 29-28-106, Defendant Kennedy and Defendant TJ MAXX are legally deemed to be the manufacturers of the stepping stool at issue.

15.     As a direct and proximate result of the sudden and unexpected dangerous failure of the defective stepping stool as described herein, Plaintiff Ruth Shaw sustained a devastating injury.  The Plaintiffs have suffered from severe ongoing pain and suffering and inability to walk and enjoy the normal pleasures of life.  Furthermore, Plaintiff Sam Shaw has had to rearrange his duties as a pastor of a church and devote the substantial majority of his time since the fall to caring for his injured wife and, as a result, has suffered substantial loss of consortium damages.

**V.**

**CAUSES OF ACTION**

**COUNT 1 – VIOLATIONS THE TENNESSEE PRODUCTS LIABILITY ACT, TENN. CODE ANN § 29-28-101 *ET SEQ*.**

16.     Plaintiffs incorporate all allegations of fact in all preceding paragraphs as if fully set forth in this Count.

17.     The stepping stool is a "defective" product because it was unsafe for normal or reasonably anticipated handling and use, by virtue of the fact that failed immediately when approximately 110 pounds of pressure was placed on it as it was designed to be used.

6

Additionally, the stepping stool was "unreasonably dangerous" because it was more dangerous than would be reasonably expected by the average consumer when it immediately cracked, broke and collapsed without any warning.  Furthermore the stepping stool was "unreasonably dangerous" because it would not be offered for sale by a reasonably prudent and careful manufacturer or seller who knew of its dangerous condition.

18.     Lastly, the stepping stool was also "defective" and/or "unreasonably dangerous" because its instructions and/or labels did not adequately instruct or warn the consumer that the plastic legs of the stepping stool would crack, break and generally fail without warning and furthermore incorrectly represented that the stepping stool would support up to 300 pounds of weight without failure.

19.     Upon information and belief, Defendant TJ MAXX  requested Defendant Kennedy to design and produce the stepping stool and that Defendant Kennedy did in fact manufacture and/or design the stepping stool at issue.

20.     As a direct and proximate result of the actions and/or omissions as outlined herein, the Defendants are strictly liable under the Tennessee Products Liability Act for the injures and damages to the Plaintiffs.  Plaintiffs have suffered the loss of their former state of physical and mental well being, serious physical injuries and damages, including but not limited to, permanent physical impairment, past and future medical care, mental anguish, severe chronic pain and agony and general pain and suffering.

## COUNT II

### NEGLIGENCE

21.     Plaintiffs incorporate all allegations of fact in all preceding paragraphs as if fully set forth in this Count.

22.     Pursuant to applicable standards of care and common law, the Defendants owed the Plaintiffs a duty of care, including, but not limited to, the exercise of the utmost caution in protecting the Plaintiffs, and other members of the public in such a manner so as to prevent the Plaintiffs from being harmed by sudden, unexpected, and unforeseen dangerous failure of the stepping stool described herein.

23.     Furthermore, Defendants knew or reasonably should have known that the stepping stool was likely to be dangerous for its intended and foreseeable use, thus, owed a duty to Plaintiffs to use reasonable care to warn the Plaintiffs of the products dangers or to reveal its unsafe condition.  As suppliers, manufacturers and/or sellers, Defendants breached these duties and, as a direct and proximate result, caused grave injury and damage to Plaintiffs.

24.     Additionally, as suppliers, manufacturers and/or sellers, Defendants had reason to know that the stepping stool at issue was likely to be unreasonably dangerous or defective, and therefore owed a duty to Plaintiff to use reasonable care to inspect and test the stepping stool before selling it.  Defendants also breached this duty.  Lastly, as the manufacturers/sellers of the stepping stool, Defendants failed to use reasonable care in designing, manufacturing, testing and inspecting and selling the stepping stool to the general public as so that it could be safely used in the manner and for the purposes for which it was intended.  Moreover, Plaintiffs allege that the Defendants recklessly disregarded a substantial and known risk to the life and limb of the Plaintiffs in selling the stepping stool at issue and, as a result, are liable for punitive damages in

this case.

25.     As a direct proximate and cause in fact of Defendants' breaches of the above duties, Plaintiffs have sustained injuries and damages.

## COUNT III

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

26.     Plaintiffs incorporate all allegations of fact in all preceding paragraphs as if fully set forth in this Count.

27.     As sellers of the stepping stool at issue, Defendants provided an implied warranty to Plaintiffs that the stepping stool was fit for the ordinary purpose for which it was intended to be used.  Defendants have breached their implied warranties of merchantability.

28.     Furthermore, as the sellers, Defendants provided an implied warranty of fitness for a particular purpose offering the stepping stool to Plaintiffs.  Defendants breached this implied duty of merchantability and fitness for a particular purpose.  Plaintiffs have properly provided notice of Defendants' breaches of these implied warranties through the commencement of this action.

29.     Furthermore, as the sellers, Defendants made an express warranty and representation that the stepping stool at issue was designed to hold and could properly hold or support three hundred pounds (300 lbs.)  This express warranty and representation was misleading and false and, therefore, Defendants breached this express warranty.

30.     As a direct and proximate result of these Defendants' breaches of both express and implied warranties, Plaintiffs have suffered substantial injury and/or damage.

**VI.**

**INJURIES AND DAMAGES**

31.     Plaintiffs incorporate all allegations of fact in all preceding paragraphs as if fully set forth in this Count.

32.     As a direct and proximate result of the Defendants' acts or omissions, Plaintiffs sustained the following injuries and damages for which they sue the Defendants:

     A. Non-economic Damages:

        1.  Physical pain and suffering-past

        2.  Physical pain and suffering-future

        3.  Permanent impairment and/or disfigurement

        4.  Loss of capacity for the enjoyment of life-past

        5.  Loss of capacity for the enjoyment of life-future

     B.  Economic Damages:

        1.  Medical care services to date

        2.  Future medical care services

        3.  Value of earning capacity lost- past

        4.  Value of earning capacity lost-future

33.     As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff Sam Shaw has suffered the loss of the services, love, affection and companionship of his wife, Ruth As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff Sam Shaw has suffered the loss of the services, love, affection and companionship of his wife, Ruth Shaw, and therefore brings a claim for and seeks damages for loss of consortium.

**VII.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ruth Ann Shaw and Samuel Shaw, Jr. demand judgment against Defendants Kennedy International, Inc. and The TJX Companies, Inc. d/b/a TJ MAXX on each Count of the Complaint and pray for the following relief:

1.      Issue service of process and serve each Defendant;

2.      Empanel a jury to try this matter;

3.      Grant any reasonable request to Amend Plaintiffs' Complaint to conform to the discovery and evidence obtained in this Action;

4.      Award Plaintiff Ruth Ann Shaw compensatory damages in an amount not less than $3,000,000.00;

5.      Award Plaintiff Samuel Shaw, Jr. compensatory damages for his loss of consortium claim in an amount not less than $500,000.00;

6.      Award appropriate punitive damages in an amount of $500,000.00;

7.      Award costs and expenses incurred in this action pursuant to Rule 54 of the Federal Rules of Civil Procedure;

8.      Award pre-and post-judgment interest in the amount of 10% per annum pursuant to TENN. CODE ANN. § 47-14-123  in amount according to proof at trial; and

9.      Grant the Plaintiffs such further relief as the Court may deem just and proper.

Respectfully submitted,


s/ William F. Burns
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
11 South Idlewild Street
Memphis, TN 38104
Phone: (901) 578-3528
Fax: (901) 578-2649
**Email:  fwatson@watsonburns.com**
**Email:  bburns@watsonburns.com**